Filed 9/24/21  P. v. Lea CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LARRY WAYNE LEA,<br><br>Defendant and Appellant. | C093371<br><br>(Super. Ct. No. 19F1630) |

Defendant Larry Wayne Lea appeals the trial court's denial of his petitions, filed after his judgment was final, to strike his one year prior prison term enhancement under Senate Bill No. 136 (2019-2020 Reg. Sess.) and reduce his conviction to a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act (enacted by the electorate Nov. 4, 2014).  Appointed counsel for defendant has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)

BACKGROUND

On September 3, 2019, defendant pled guilty to receiving a stolen vehicle and admitted he had a prior strike conviction and had served a prior prison term.  In accordance with the plea agreement, the trial court sentenced him to the low term of 16 months, doubled for the strike, plus one year for the prior prison term, for an aggregate

1

sentence of three years eight months.  The court awarded credits and imposed various fines and fees.  Defendant did not appeal the judgment and it became final on November 4, 2019.  (Cal. Rules of Court, rule 8.308(a); *People v. Alexander* (2020) 45 Cal.App.5th 341, 344.)

Defendant filed a petition to strike his one-year prior prison term enhancement pursuant to Senate Bill No. 136 on September 29, 2020.  The trial court denied the petition.  Defendant filed a second petition to strike the prior prison term enhancement on January 8, 2021.[1]  The trial court again denied the petition.  Defendant filed a timely notice of appeal.  Defendant also filed a petition for resentencing under Proposition 47, seeking to reduce his felony conviction to a misdemeanor on December 17, 2020.  The trial court denied the petition.  Defendant filed a timely notice of appeal.

DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], is required only in the first appeal of right from a criminal conviction.  (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 499-501.)

---

[1]    The petition references Senate Bill No. 620, not Senate Bill No. 136, but the substance of the petition is as to the prior prison term enhancement.

2

The right to *Anders/Wende* review applies only at appellate proceedings where defendant has previously established a constitutional right to counsel. (*People v. Serrano*, *supra*, 211 Cal.App.4th at p. 500; *Conservatorship of Ben C.*, *supra*, 40 Cal.4th at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, at pp. 500-501.) The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution because it is not an appeal from the judgment of conviction." (*Id.* at p. 501.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, defendant is not entitled to *Wende* review in such an appeal. (See *Serrano*, at pp. 499, 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, § 1016.5].)

Applying *Serrano* here, defendant has no right to *Wende* review of the denial of his petitions to have his sentencing enhancement stricken or to have his conviction reduced to a misdemeanor. Because neither defendant nor his counsel has raised any claim of error in the trial court's denial of the motions at issue here, we must dismiss defendant's appeal as abandoned.

DISPOSITION

The appeal is dismissed.

/s/_____<br>Robie, J.

We concur:

/s/_____<br>Blease, Acting P. J.


/s/_____<br>Duarte, J.

3